OPINION
Appellants, James Carter, Sr. and Delores Carter, own property in Thornville, Ohio. Said property lies on the shore of Buckeye Lake. North of appellants' property is a railroad bed and Avondale Road which rise several feet above the property. Russell Payne, Jr. owns property north and east of appellants' property. A drainage culvert passes under the railroad bed, Avondale Road and appellants' property to Buckeye Lake. A second drainage culvert runs from west to east from Mr. Payne's property to Buckeye Lake. In May of 1996, appellants' home was damaged due to flooding. On May 7, 1998, appellants filed a complaint against appellees, the Licking County Board of Commissioners and the Licking County Engineer, for negligence in creating a nuisance. Appellants alleged appellees dumped materials into the culverts thereby creating a diversion of the natural watercourse which subsequently caused the flooding to their home. On March 5, 1999, appellees filed a motion for summary judgment claiming immunity under R.C.2744.02. Appellants filed a memorandum contra on March 18, 1999. By judgment entry filed April 7, 1999, the trial court found appellees to be immune and denied appellants' motion for summary judgment. Appellants filed an appeal and this matter is now before this court for consideration. Appellants' brief fails to set forth any assignments of error pursuant to App.R. 16. Appellants claim the trial court erred in granting summary judgment to appellees. We disagree. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447: Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In their complaint, appellants sought damages from appellees for "failing to maintain certain improvements to the natural watercourse, and causing the existence of a nuisance to be created by permitting the obstruction or diversion of a watercourse" and "directly created a nuisance * * * by utilizing the area as a landfill and dumping materials into the watercourse." Appellees moved for summary judgment based upon the doctrine of sovereign immunity. Appellees argued because they are political subdivisions, they qualify for sovereign immunity under R.C.2744.02(A)(1) which states as follows: For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. It is undisputed appellees are political subdivisions. See, R.C. 2744.01(F). We must now determine whether the complained of activity was in connection with a governmental or proprietary function. In their motion for summary judgment, appellees argued the cleaning out of ditches and the depositing of the soil removed from the ditches onto private property (in the case sub judice, third-party defendant Russell Payne's property) is a governmental function. "Governmental function" is defined in R.C. 2744.01(C) and states in pertinent part: (2) A `governmental function' includes, but is not limited to, the following:
(e) The regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds; R.C. 5543.12 requires that political subdivisions as part of road repair and maintenance must clean and maintain the ditches along the side of the road. See, (1981) Ohio Atty.Gen.Ops. No. 81-039. Upon review, we find appellees are entitled to the general cloak of immunity afforded under R.C. 2744.02. Our next inquiry is whether any of the exceptions to governmental immunity apply sub judice. Said exceptions are found in R.C. 2744.02(B). As argued by appellees and inadvertently conceded by appellants, the only exception applicable to this case is set forth in subsection (5) which states as follows: In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision. (Emphasis added.)
Appellants argue for the first time on appeal that R.C. 305.12
creates a statutory exception under R.C. 2744.02(B)(5). R.C.305.12 states as follows: The board of county commissioners may sue and be sued, and plead and be impleaded, in any court. It may bring, maintain, and defend suits involving an injury to any public, state, or county road, bridge, ditch, drain, or watercourse in the county with respect to which the county has the primary responsibility to keep in proper repair, and for the prevention of injury to them. The board shall demand and receive, by suit or otherwise, any real estate or interest in real estate, legal or equitable, belonging to the county, or any money or other property due the county. The money so recovered shall be paid into the county treasury, and the board shall take the county treasurer's receipt for it and file it with the county auditor.
The affidavits filed by appellees in support of their motion for summary judgment were uncontested at the trial court level therefore, these uncontested facts do not create any genuine issue of material fact. These facts include the following: 1. The county only deposited dirt on Mr. Payne's property. See, Affidavit of Ted Williams, Superintendent of the Licking County Engineers Office. 2. The county did not deposit any dirt or debris into any watercourses. Id. 3. The county did not deposit any concrete or asphalt. Id. 4. The county removed soil from ditches as part of the county's maintenance of the county road. In particular, the soil was removed from ditches to promote drainage of rainwater from the road surface. Id. 5. The county deposited the dirt in mounds on Mr. Payne's property. The county did not change the terrain or grade the ground. Id. 6. The drainage culverts averred to in appellants' complaint were not public ditches under R.C. Chapter 6131. See, Affidavit of Jeff Preston, Drainage Engineer of the Licking County Engineers Office.
We are forced to note that appellants' response to the motion for summary judgment falls short of the burdens placed upon appellants under Dresher v. Burt (1996), 75 Ohio St.3d 280. As stated by our brethren from the Ninth District in Austin v. Peterson (1999), Medina App. No. 2735-M, unreported: The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding an essential element of the nonmoving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahila v. Hall, 77 Ohio St.3d at 429, citing Dresher v. Burt, 75 Ohio St.3d at 293. When the nonmoving party fails to meet this burden, summary judgment may be appropriately granted in favor of the moving party. Dresher v. Burt,75 Ohio St. 3d at 293. No affidavits, law or citations to depositions were raised in appellants' response. Given the facts established by the affidavits of Mr. Williams and Mr. Preston, we find the trial court did not err in finding sovereign immunity applied sub judice. The cleaning of ditches along county roadways is a governmental function. As a governmental function, the depositions regarding the depositing of dirt on private property with permission is ancillary to that function. The language of R.C.305.12 does not create liability as it clearly fits within the exception of R.C. 2744.02(B)(5) as emphasized supra. The trial court did not err in granting summary judgment to appellees.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.